UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK ESTES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-1422** |
| **JUDGE MELVIN C. ZENO, ET AL.** | **SECTION: "I"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Derrick Estes, a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Judge Melvin C. Zeno, Jefferson Parish District Attorney Paul D. Connick, and the State of Louisiana. Plaintiff seeks to have this Court declare invalid an alleged Louisiana practice and procedure allowing juvenile convictions to serve as predicate convictions in state habitual offender proceedings. He further asks that this Court issue an order invalidating his habitual offender adjudication and sentence, directing state court authorities to reevaluate his sentence, and requiring that he be resentenced without regard to his prior juvenile offense.

A Spears hearing was held on April 18, 2006, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179

(5th Cir. 1985).[1] At that hearing, plaintiff was sworn and his testimony was recorded. Based on his complaint and Spears hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claims.

Plaintiff testified that he was convicted in state court of armed robbery in 1999 and sentenced to a term of five years imprisonment. The state then filed a multiple bill of information alleging that he was a second offender based on a 1996 juvenile conviction for distribution of cocaine. The trial court found him to be a second offender and resentenced him as such to a term of forty-nine and one-half years imprisonment. He testified that he wants this Court to declare his enhanced sentence unconstitutional and to order that he be resentenced as a first offender.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

28 U.S.C. § 1915A(b).[2]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,[3] federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

[3] Rec. Doc. 2.

Broadly reading plaintiff's complaint,[4] and fully considering his Spears hearing testimony, the Court finds that his complaint lacks any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

Plaintiff filed this federal civil rights action pursuant to 42 U.S.C. § 1983, presenting his claim as a global challenge to an alleged Louisiana state practice and procedure allowing juvenile convictions to serve as predicate convictions in habitual offender proceedings.[5]  However, the

---

[4] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[5] Plaintiff opines in his complaint that his claim is properly brought in a federal civil rights complaint pursuant to § 1983 rather than in a *habeas corpus* petition because he is challenging the underlying procedure and a ruling in his favor on the issue presented would neither invalidate his conviction or confinement nor necessarily spell his immediate release.

The United States Supreme Court reexamined its jurisprudence concerning the interplay between § 1983 proceedings and *habeas corpus* proceedings in Wilkinson v. Dotson, 544 U.S. 74 (2005), noting:

> Throughout the legal journey from Preiser [v. Rodriguez, 411 U.S. 475 (1973),] to [Edwards v.] Balisok[, 520 U.S. 641 (1997)], the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody.  Thus, Preiser found an implied exception to § 1983's coverage where the claim seeks – not where it simply "relates to" – "core" habeas corpus relief, *i.e.*, where a state prisoner requests present or future release. Wolff [v. McDonnell, 418 U.S. 539 (1974),] makes clear that § 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner.  Heck [v. Humphrey, 512 U.S. 477 (1994),] specifies that a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence.  And Balisok, like Wolff, demonstrates that habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement.  These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity

Louisiana Supreme Court has already ruled that such use of juvenile adjudications is unconstitutional. That court held:

> [W]e find it is unconstitutional to apply La.Rev.Stat. 15.529.1[, the Louisiana habitual offender statute,] for the purpose of allowing juvenile adjudications to be counted as predicate offenses, where these adjudications were obtained without the right to a jury trial. In our view, the use of such adjudications violates Apprendi's narrow exception, which exempts only "prior convictions" from its general rule that any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Although these adjudications can be reliably and constitutionally obtained without the right to a jury trial, this is because the juvenile proceeding is a "civil" proceeding with a focus on rehabilitation and non-criminal treatment of the adjudicated delinquent. "Prior convictions" are excepted from the Apprendi holding because they were the product of proceedings that afforded crucial procedural protections – particularly fair notice, the right to jury trial and proof beyond a reasonable doubt.

State v. Brown, 879 So.2d 1276, 1290 (La. 2004), cert. denied, 543 U.S. 1177 (2005); see also State v. Lemon, ___ So.2d ___, ___, 2006 WL 328687, at *2-4 (La. App. 5th Cir. 2006). Because the relief plaintiff purportedly seeks, i.e. a declaration that juvenile convictions cannot be used to enhance criminal sentences in Louisiana state habitual offender proceedings, has already been granted by the Louisiana Supreme Court, his request for federal intervention is moot and his claim

---

of confinement or its duration.

Wilkinson, 544 U.S. at ____, 125 S.Ct. at 1247-48 (citation omitted).

Based on the foregoing, this Court disagrees with plaintiff's contention that a § 1983 lawsuit is appropriate in his case. Plaintiff is clearly seeking a declaration that Louisiana criminal sentences, including his own, that have been enhanced based on juvenile adjudications are unconstitutional. Moreover, plaintiff is further seeking a declaration that his particular habitual offender sentence is illegal, and must therefore be vacated, because it was enhanced based on his juvenile conviction for distribution of cocaine. Because success in this action would necessarily demonstrate the invalidity of his (not previously invalidated) habitual offender sentence and would spell for him a speedier release from incarceration, the Court is unconvinced that he may bring his claim in a § 1983 action. Nevertheless, a resolution of whether plaintiff may proceed under § 1983 with his global challenge to the Louisiana procedure need not be definitively resolved in the instant case, for plaintiff's claim is moot for the reason set forth herein.

must be dismissed.  See Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002); Simpson v. Camper, 974 F.2d 1030, 1031 (8th Cir. 1992); New York v. Seneci, 817 F.2d 1015, 1017 (2nd Cir. 1987).

To the extent that plaintiff is seeking a declaration that *his particular* habitual offender adjudication is invalid and that he must be resentenced as a first offender, he clearly must seek that relief in a *habeas corpus* proceeding.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).  Accordingly, plaintiff may seek federal review of his particular habitual offender sentencing only by attempting to file a timely federal *habeas petition* pursuant to 28 U.S.C. § 2254 after exhausting his state court remedies.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this \_\_\_\_24th\_\_\_\_\_ day of April, 2006.

_____
**SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE**